**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4476**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

NOE DE JESUS ORDONEZ-MEDINA,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:09-cr-00387-RLW-1)

Submitted:  October 25, 2010          Decided:  November 9, 2010

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David R. Lett, Richmond, Virginia, for Appellant.  S. David Schiller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe de Jesus Ordonez-Medina appeals his conviction and forty-six month sentence for illegal reentry after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Counsel questions, however, whether the district court erred in enhancing Ordonez-Medina's sentence based on his status as an alien whose removal was subsequent to an aggravated felony conviction. Despite being advised of his right to do so, Ordonez-Medina has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

In the Anders brief, counsel argues that Form I-294 failed to specifically advise Ordonez-Medina of the enhanced punishment for illegal reentry after conviction for an aggravated felony. Counsel also argues that the Government waived its right to prosecute Ordonez-Medina under the enhanced provision set forth in § 1326(b)(2) because it failed to criminally prosecute him under this provision at the time of his 2005 deportation. To the extent that counsel raises challenges to Ordonez-Medina's conviction, we conclude that such arguments are waived. When a defendant enters a voluntary plea of guilty, he waives his right to challenge antecedent, nonjurisdictional

2

errors not logically inconsistent with the establishment of guilt. See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Because our review of the Fed. R. Crim. P. 11 colloquy reveals that Ordonez-Medina's guilty plea was both knowing and voluntary, he has waived appellate review of these issues.

To the extent that counsel asserts a sentencing error and argues that the district court erred in imposing a sixteen-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2009), we conclude that this argument lacks merit. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. We assess whether the district court properly calculated the advisory guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its

3

discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, and correctly imposed the sixteen-level enhancement pursuant to USSG § 2L1.2(b)(1)(A)(ii) (providing that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels"). The district court also properly considered the § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for its chosen sentence. Moreover, Ordonez-Medina has failed to overcome the presumption of reasonableness we accord his within-guidelines sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In accordance with Anders, we have reviewed the record and found no meritorious issues on appeal. We therefore affirm

4

the judgment of the district court.  At this juncture, we deny counsel's motion to withdraw.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED